ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| D.R.O.<br><br>Recurrente<br><br>v.<br><br>Departamento de Educación<br><br>Recurrido | TA2025RA00333 | *Revisión Administrativa* procedente del Departamento de Educación<br><br>Caso Núm.: QEE-2526-12-08-00156<br><br>Sobre: Educación Especial Compra de Servicios |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de enero de 2026.

En esta ocasión debemos **desestimar** el presente recurso de revisión por falta de jurisdicción al tornarse académico. Veamos**.**

**-I-**

En virtud de lo anterior, nos limitaremos a presentar los hechos procesales pertinentes.

El **4 de agosto de 2025**, el Sr. Fernando Rivera y la Sra. Ivette Ortiz en representación de su hijo menor de edad, D.R.O. ("menor" o "D.R.O."), (en conjunto, "parte Recurrente") presentaron una *Solicitud de querellas SAEE-23*,[1] ante el Departamento de Educación de Puerto Rico ("DE").[2] Allí, solicitaron una compra de servicios educativos a favor de **D.R.O.** mediante remedio provisional debido a que el programa de educación pública no satisfacía las necesidades del **menor**.[3]

---

[1] Ponchada el **5 de agosto de 2025** por la *Unidad Secretarial del Procedimiento de Querellas y Remedio Provisional.*
[2] Anejo intitulado *Apéndice I – Querella* en la Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA.
[3] *Íd.*

Tras varios trámites, el **7 de octubre de 2025**, el Foro Administrativo de Educación Especial ("Foro Administrativo EE") emitió una *Resolución Final.*[4] Basado en la prueba sometida, realizó determinaciones de hechos,[5] y concluyó que hubo un incumplimiento por parte del **DE** con su deber de proveerle la educación pública, gratuita y apropiada al **menor**.[6] Por lo que, ordenó la compra de servicios educativos a favor de **D.R.O.** en la institución educativa propuesta para el año académico 2025-2026.[7]

Con fecha del **16 de octubre de 2025**, la **parte Recurrente** presentó una *MOCIÓN EN SOLICITUD DE ACLARACIÓN.*[8] Solicitó que se aclarara que la compra de servicios fuera mediante el pago directo del **DE** a la institución educativa.

Así las cosas, la **parte Recurrente** radicó el presente recurso de revisión administrativa ante este Foro Apelativo el **4 de noviembre de 2025**,[9] y señaló la comisión del siguiente error:

> Erró el Foro Adjudicativo del Departamento de Educación al ordenar la compra de servicios educativos a favor del menor D.R.O. en la institución privada Hollands Academy, sin establecer expresamente que dicha compra, al no tratarse de una colocación unilateral, procede bajo la modalidad de pago directo entre el Departamento de Educación y la institución privada, conforme la Ley IDEA, 20 U.S.C. §1412(a)(10)(B) y la Ley Núm. 51-1996. [sic].

Mediante *Resolución* emitida el **6 de noviembre de 2025**,[10] este Tribunal le concedió al **DE** un plazo de treinta (30) días para someter su alegato.[11]

Con fecha del **12 de noviembre de 2025**,[12] la **parte Recurrente** informó que el **DE** había emitido una autorización de

---

[4] Notificada el mismo día.; Anejo 2 intitulado *Apéndice VI - Resolución Final* en la Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA.
[5] Anejo 2 intitulado *Apéndice VI - Resolución Final* en la Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA, a las págs. 2 – 8.
[6] *Íd.*, a la pág. 15.
[7] *Íd.*
[8] Anejo 6 intitulado *Apéndice VII – Moción en solicitud de aclaración* en la Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA.
[9] Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA.
[10] Notificada el 7 de noviembre de 2025.
[11] Entrada Núm. 3 del caso *TA2025RA00333* en SUMACTA.
[12] Radicada el 13 de noviembre de 2025 en SUMACTA.

pago directo a favor del Hollands Academy para los servicios educativos del **menor**.[13] Anejó la certificación de *Pago Directo* emitida el 12 de noviembre de 2025 por el DE.[14]

Por su parte, el **5 de diciembre de 2025**, la Oficina del Procurador General, en representación del **DE**, presentó una *SOLICITUD DE DESESTIMACIÓN*, dado que el recurso de epígrafe se había tornado académico ante la autorización de pago directo de los servicios educativos al menor.[15]

**-II-**

Los tribunales deben observar ciertos requisitos —previo a entrar en los méritos de un caso—, ya que su jurisdicción se encuentra circunscrita a que el mismo sea *"justiciable"*.[16] La justiciabilidad *"[e]stá ceñida a aquellas situaciones en que estén presentes controversias reales y vivas susceptibles de adjudicación por el tribunal y donde este imparta un remedio que repercuta en la relación jurídica de las partes ante sí"*.[17] En nuestro ordenamiento;

> [s]e ha reconocido que un caso no es justiciable cuando las partes no tienen legitimación activa, cuando un asunto carece de madurez, cuando la pregunta ante el tribunal es una cuestión política, y cuando un caso se ha tornado académico.[18]

Entonces, un caso se torna académico cuando por el transcurso del tiempo —debido a cambios facticos o judiciales durante el trámite del litigio— el mismo pierde su carácter adversativo y el remedio que en su día pudiera concederse no tendría efectos prácticos.[19] La *academicidad* implica la falta de adversidad, en otras palabras, la ausencia de una controversia real entre las partes. En ese sentido, la doctrina de autolimitación judicial en discusión es de aplicación durante todas las fases de un pleito, lo

---

[13] Entrada Núm. 4 del caso *TA2025RA00333* en SUMACTA.
[14] Anejo de la Entrada Núm. 4 del caso *TA2025RA00333* en SUMACTA.
[15] Entrada Núm. 6 del caso *TA2025RA00333* en SUMACTA.
[16] *IG Builders et al. v. BBVAPR*, 185 DPR 307, 334 (2012); *PNP v. Carrasquillo*, 166 DPR 70, 74 (2005).
[17] *IG Builders et al. v. BBVAPR*, *supra*, pág. 334.
[18] *PNP v. Carrasquillo, supra,* pág. 74.
[19] *Angueira v. JLBP*, 150 DPR 10, 19 (2000).

que incluye la etapa apelativa o revisora, ya que es necesario que exista una controversia genuina entre las partes en todo momento.[20]

Por lo tanto, es norma reiterada en nuestro ordenamiento que: *"[l]os tribunales deben ser celosos guardianes de su jurisdicción y que no tienen discreción para asumir jurisdicción allí donde no la tienen".*[21] La jurisdicción se refiere a la capacidad que tiene un tribunal para atender y resolver controversias sobre determinado aspecto legal.[22] Ante la falta de jurisdicción, el tribunal debe así declararlo y proceder a la desestimación del recurso, toda vez que cualquier sentencia dictada sin jurisdicción es nula en derecho, pues la ausencia de esta es insubsanable.[23]

Por lo cual, la Regla 83 de nuestro Reglamento nos faculta para desestimar un recurso si carecemos de jurisdicción para acogerlo por cualquiera de las instancias que a continuación reseñamos:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (2) que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;
> (3) que no se ha presentado o proseguido con diligencia o de buena fe;
> (4) que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;
> **(5) que el recurso se ha convertido en académico.**[24]

De conformidad con lo antes señalado, los tribunales tenemos el deber de desestimar todo pleito que haya advenido académico y no tenemos discreción para negarnos a ello, dado que no existe autoridad judicial para acogerlo.[25]

---

[20] *Báez Díaz v. ELA*, 179 DPR 605, 617 (2010).
[21] *Peerless Oil v. Hnos. Torres Pérez*, 186 DPR 239, 250 (2012); *SLG Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 882 (2007).
[22] *Rodríguez Rivera v. De León Otaño*, 191 DPR 700, 708 (2014).
[23] *Shell v. Srio. Hacienda*, 187 DPR 109, 123 (2012).
[24] Regla 83 inciso (B) del Reglamento del Tribunal de Apelaciones, según enmendada, *In Re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 116 – 118, 215 DPR ____ (2025).
[25] *Moreno v. UPR II*, 178 DPR 969, 974 (2010).

**-III-**

La **parte Recurrente** instó el presente recurso dado que el **DE** no había cumplido con la orden de compra de servicios educativos para el estudiante **D.R.O.** emitida el **7 de octubre de 2025**.[26] No obstante, el **12 de noviembre de 2025**, el **DE** emitió una autorización de *Pago Directo* a favor del Hollands Academy para los servicios educativos del **menor**.[27] Por lo que, el **DE** nos solicita la desestimación del presente recurso, ya que el asunto se tornó académico ante la autorización de pago directo emitida.

Ante tal escenario, el asunto ante nuestra consideración se tornó académico. Por lo cual, este Tribunal Apelativo quedó privado de jurisdicción para entender en los méritos del presente recurso de revisión. En consecuencia, procede su desestimación.

**-IV-**

Por lo antes expuesto, **se desestima** el presente recurso de revisión administrativa.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[26] Véase, *Resolución Final* emitida el 7 de octubre de 2025 en el Anejo 2 intitulado *Apéndice VI - Resolución Final* en la Entrada Núm. 1 del caso *TA2025RA00333* en SUMACTA.

[27] Véase, *MOCIÓN INFORMATIVA SOBRE PAGO DIRECTO* en la Entrada Núm. 4 del caso *TA2025RA00333* en SUMACTA.